IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SHAVON DAVIS AND JAQUELINE GILMORE**　　　　　　　　**PLAINTIFFS**
on Behalf of
**Themselves and Others Similarly Situated**

v.　　　　　　　　　　　　　　　　　　　CAUSE NO.: 1:18-CV-134-SA-RP

**BOSS WINGS ENTERPRISES, LLC, BOSS WINGS**　　　　**DEFENDANTS**
**V LLC, BOSS WINGS XI LLC, BOSS WINGS XII LLC,**
**BOSS WINGS XXV LLC, BOSS WINGS XXVI LLC,**
**BOSS WINGS XXVII LLC, BOSS WINGS XXX LLC,**
**AND JOHN DOES 1-6, Individually**

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

For their Complaint against Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC, and John Does 1-6, Individually ("Defendants"), Plaintiffs Shavon Davis and Jaqueline Gilmore ("Plaintiffs") state and allege upon information and belief, and on behalf of themselves and other similarly situated individuals, as follows:

### SUMMARY

1. Defendants failed to pay Plaintiffs and other similarly situated employees for breaks, pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), which

resulted in a failure to pay said employees a minimum wage and overtime.

## JURISDICTION & VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3. Venue is proper under 28 U.S.C. § 1391, because Defendants are doing business and have their principal place of business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff, Shavon Davis, is a resident of the First Judicial District of Chickasaw County, Mississippi, and worked as a cook for Defendant Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC,, at the Defendants' Wingstop restaurant in Tupelo, Mississippi, during the relevant statutory period. Plaintiff Davis was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

5. Plaintiff, Jaqueline Gilmore, is a resident of Itawamba County, Mississippi, and worked as a shift leader and cook for Defendant Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC, at the Defendants' Wingstop restaurant in Tupelo, Mississippi, during the relevant statutory period. Plaintiff Gilmore was Defendants' employee within the meaning of FLSA,

29 U.S.C. § 203(e).

6. The class of similarly situated employees ("the Class") consists of all persons employed by Defendants in the last three years and who are hourly employees, and whom Defendants failed to pay for breaks as alleged herein.

7. Boss Wings Enterprises, LLC is a Mississippi Corporation, with its principal place of business in Southhaven, Desoto County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Southhaven, Mississippi, restaurant as well as other locations in the State of Mississippi.

8. Boss Wings V LLC, is a Mississippi Corporation, with its principal place of business in Southhaven, Desoto County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Southhaven, Mississippi, restaurant as well as other locations in the State of Mississippi.

9. Boss Wings XI LLC, is a Mississippi Corporation, with its principal place of business in Hattiesburg, Forrest County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Hattiesburg, Mississippi, restaurant as well as other locations in the State of Mississippi.

10. Boss Wings XII LLC, is a Mississippi Corporation, with its principal place of business in Olive Branch, Desoto County, Mississippi. It may be served with process

through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Olive Branch, Mississippi, restaurant as well as other locations in the State of Mississippi.

11. Boss Wings XXV LLC, is a Mississippi Corporation, with its principal place of business in Tupelo, Lee County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Tupelo, Mississippi, restaurant as well as other locations in the State of Mississippi.

12. Boss Wings XXVI LLC, is a Mississippi Corporation, with its principal place of business in Starkville, Oktibbeha County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Starkville, Mississippi, restaurant as well as other locations in the State of Mississippi.

13. Boss Wings XXVII LLC, is a Mississippi Corporation, with its principal place of business in Oxford, Lafayette County, Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Oxford, Mississippi, restaurant as well as other locations in the State of Mississippi.

14. Boss Wings XXX LLC, is a Mississippi Corporation, with its principal place of business in Mississippi. It may be served with process through its registered agent, Tawanda Roberts, 120 Guthrie Drive, Southaven, MS 38671. Defendants' business cooks and sells chicken wings and other food and beverage items at it's Mississippi, restaurant as well as other

locations in the State of Mississippi.

15. Defendants' gross volume of sales of their services exceeds $500,000 per year, exclusive of excise taxes, and Defendants conduct their aforesaid business in interstate commerce. Defendants, Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC,, and John Does 1-6 offered and sold said food items to various customers. The Annual Dollar Volume (ADV) from the sale of said items of these individual enterprises is in the multi-million dollar range which is greatly in excess of the required ADV of $500,000 for FLSA enterprise coverage under 29 U.S.C. 203(s)(1)(A). Plaintiffs and members of the proposed class are covered on an individual basis under FLSA since they are engaged in the production and sale of goods in interstate commerce. 29 U.S.C. 216(b) permits the Plaintiffs to bring private law suits to collect back wages on behalf of themselves and other similarly situated employees described herein.

16. John Doe 1-6 are joint or co-owners, or agents of Defendant, Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC, acting with Defendant Boss Wings Enterprises, LLC, Boss Wings V LLC, Boss Wings XI LLC, Boss Wings XII LLC, Boss Wings XXV LLC, Boss Wings XXVI LLC, Boss Wings XXVII, LLC, Boss Wings XXX, LLC, in committing violations of FLSA as alleged herein. Their true identities are not yet known to Plaintiffs. Plaintiffs will move to amend and assign their true identities once known to Plaintiffs.

## FACTS

17. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work or worked for Defendants as cooks and other positions, at any time from three years prior to the filing of this Complaint to the entry of the judgment in this action.

18. The Fair Labor Standards Act (FLSA) requires an employer, Defendants herein to compensate employees for breaks of less than twenty (20) minutes. Defendants' are in wilful violation of the FLSA, and guidelines followed by the Department of Labor which allowed for compensated breaks of less than twenty minutes time to Plaintiffs and other similarly situated employees, 29 C.F.R.§ 785.18. Such breaks were for Defendants' benefit.

Hence, during the relevant statutory period, Plaintiffs and the similarly situated individuals regularly worked over forty (40) hours per week without receiving proper compensation for their overtime hours worked.

19. As above outlined, at the times pertinent to this complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiffs and other employees similarly situated worked for Defendants in excess of the maximum hours provided by the Act, but provision was not made by Defendants to pay Plaintiffs and other employees similarly situated, payment for work in excess of the maximum hours provided for by statute at the rate of time and a half their regular rates of pay; moreover, Plaintiffs and other employees similarly situated have been forced by Defendants to work for periods during which the minium wage and provided for in the Act was not paid and more particularly for which no payment whatever was made by Defendants to Plaintiffs and other employees similarly situated, all in violation of the Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring Count I in this Complaint on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals are individuals who are currently or have been employed by Defendants at any of their locations identified herein as cooks and/or servers providing food services to customers of the Defendant, and were not compensated for breaks, where they worked and received less than minimum wage and no overtime pay.

21. During the applicable statutory period, Plaintiffs and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked, and hence, also were not receiving minimum wages. Defendants were aware that Plaintiffs and the Collective Class were working overtime hours because Plaintiffs and the similarly situated individuals were required to work such hours by agents/employees of Defendants. Hence, Defendants were aware of the specific times Plaintiffs and the Collective Class were working at each jobsite as required by Defendants.

22. Although they regularly worked more than forty (40) hours per week, Plaintiffs and the Collective Class did not receive proper overtime pay from Defendants.

23. In addition, Defendants regularly and unilaterally made substantial deductions from Plaintiffs' and the Collective Class' paychecks related to their work performance.

24. During the applicable statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

25. Defendants' conduct as described above was willful and in bad faith. Upon information and belief, Defendants received numerous complaints from employees regarding

Defendants' failure to pay overtime pay for hours worked over forty (40) per week, and in particular, Defendants' future to compensate Plaintiffs' for breaks. Upon information and belief, when coworkers of Plaintiffs inquired of Defendants' agents and supervisors about why they were not paid overtime, Defendants explained that Defendants simply did not pay for such overtime and threatened to terminate Plaintiffs for further complaints. In a show of willfully, intentionally and knowingly violating the FLSA, Defendants while requiring Plaintiff to "clock out" during breaks, and hence not compensating them for same, forced Plaintiffs to sign the following:

> I understand I may have two 10 minute paid breaks (one for each four hours I worked) during an eight-hour shift and a 30 minutes unpaid mean break if I work five* or more hours a day. By signing this, I certify I received all such breaks and meal period each day within the pay period. I also certify that this time record accurately reports al my work time during the pay period. I have not violated any policy during the pay period, including the policy against unauthorized overtime. I also acknowledge I have reported any work-related injuries in writing during this payroll period. I sign this freely and declare under penalty of perjury that the above is true and correct.

In addition, Plaintiffs are aware of other workers similarly situated being reprimanded for complaining about not being paid for overtime hours worked.

26. These practices violate the provision of the FLSA, 29 U.S.C. §201, et seq. including, but not limited to, 29 U.S.C. § 206, § 207 (a), § 211(c). As a result of these unlawful practices, Plaintiffs and the Collective Class have suffered loss of wages.

27. Plaintiffs also seek liquidated damages for Defendants' intentional and knowing acts of failure to pay Plaintiffs, and the Class, wages as alleged herein. By reason of Defendants' refusal to pay the unpaid minimum wages and overtime due Plaintiffs and other employees similarly situated, it has been necessary for them to employ attorneys to prosecute this cause for them, and incur a reasonable charge for their attorney's fees.

28. Plaintiffs, bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b).

29. Plaintiffs, on behalf of themselves and the Class, seek relief on a collective basis challenging Defendants' pay and practice of failure to pay overtime and/or minimum wages as alleged herein.

30. The total number and identities of the Class may be determined from the records of employment, including, but not limited to, time cards, check stubs and earnings records of the Plaintiffs and class employed by Defendants.

31. The claims of Plaintiffs, are similar, typical, and common to the Class because they and the Class have been required to participate in an illegal payment scheme as above alleged and have been unlawfully denied payment of the federal minimum wage and overtime. Furthermore, the Class is so numerous that joinder would be impracticable.

32. Plaintiffs' experiences are typical of the experiences of the Class.

33. Defendants' failure to pay minimum wage and to pay overtime wages at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Class.

34. Specific job titles or job duties of the Class do not prevent collective treatment.

35. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked, and payment for over time hours worked at time and a half their regular rate of pay.

36. Although the issue of damages can be individual in character, there remains in this case, a common nucleus of liability facts.

## COUNT I

## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

37. Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein.

38. The FLSA, 29 U.S.C. §207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.

39. Defendants suffered and permitted Plaintiffs and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

40. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

41. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

42. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Collective Class are entitled to wages or unpaid wages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a) as Defendants knew, or showed reckless disregard for the fact that

their compensation practices were in violation of these laws.

45. Defendants have a policy and practice of failing to pay the prevailing minimum wage and failure to pay overtime wages properly. Such policy and practice were intentionally and willfully instituted and followed, and violate the FLSA 29 U.S.C. § 209(m) and 201 U.S.C. 216(b).

46. Defendants knew or should have known that their policies and practices relating to the non-payment of minimum wages and over time violate the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA.

48. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal payment practices in violation of the FLSA as above outlined.

49. Plaintiffs and the Class are entitled to the difference between their hourly rate and the prevailing wage for all hours worked, and the amount they received from Defendants for compensation, and one and one-half such amount of wage for overtime hours worked.

50. Plaintiffs re-allege and incorporate all averments set forth in Paragraphs 1 through 49 above as if fully incorporated herein. Defendants fraudulently misrepresented to the Plaintiffs that they were not owed overtime wages because they were exempt employees under the FLSA while intentionally and falsely representing hours worked and failure to pay overtime for same.

51. In addition, Plaintiffs and the Class are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## COUNT II

### FRAUDULENT MISREPRESENTATION

52. Plaintiffs re-allege and incorporate all averments set forth in Paragraphs 1 through

51 above as if fully incorporated herein.

53. Defendants fraudulently misrepresented to the Plaintiff that they were not owed overtime wages or minimum wages, and further intimidated, harassed, and threatened termination of Plaintiffs and the class when inquiry was made regarding payment of overtime wages or minimum wages.

## JURY DEMAND

54. Plaintiffs demand a trial by jury of this action.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That notice of this action be given to all similarly situated individuals as soon as possible;

B. That the practices of Defendants complained of herein be determined and adjudicated to be in violation of the FLSA, 29 U.S.C. §201 et seq.;

C. That the practices of Defendants complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. §201 et seq.;

D. For damages in the amount of Plaintiffs' and the Collective Class' unpaid minium wage and unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

E. Plaintiffs demand a trial by jury.

F. That Plaintiffs be granted leave to amend the Complaint to add state law claims if

necessary; and

G. For all such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ W. Howard Gunn*
**W. HOWARD GUNN**
**ATTORNEY FOR PLAINTIFFS**

**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**310 SOUTH HICKORY STREET**
**POST OFFICE BOX 157**
**ABERDEEN MS 39730**
**662/369-8533**
**MSB NO. 5073**
**whgunn@bellsouth.net**