IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHAVON DAVIS, and                                                                            PLAINTIFFS
JAQUELINE GILMORE, on behalf
of themselves and others similarly situated

V.                                                                   CIVIL ACTION NO. 1:18-CV-134-SA-RP

BOSS WINGS ENTERPRISES, LLC,
BOSS WINGS V LLC, BOSS WINGS
X LLC, BOSS WINGS XII LLC, BOSS
WINGS XXV LLC, BOSS WINGS
XXVI LLC, BOSS WINGS XXVII LLC,
and BOSS WINGS XXX LLC                                                                       DEFENDANTS

ORDER

Shavon Davis and Jaqueline Gilmore, on behalf of themselves and others similarly situated, filed their Complaint [1] against Boss Wings Enterprises, LLC in this Court on July 12, 2018 asserting claims pursuant to the Fair Labor Standards Act ("FLSA"). Now before the Court is the Defendant's Motion [26] to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Background and Procedural History*

The Plaintiffs were employed at the Defendants' Tupelo, Mississippi location during the relevant statutory period. Plaintiff Shavon Davis worked as a cook and Plaintiff Jaqueline Gilmore worked as a cook and as a shift leader. The Plaintiffs allege that throughout their employment, they regularly worked over forty hours per workweek without receiving proper overtime compensation. The Plaintiffs further allege that the Defendants regularly made substantial deductions from the Plaintiffs' paychecks related to their work performance, resulting in the Defendants' failure to compensate employees minimum wage. According to the Plaintiffs, they and other employees made multiple complaints regarding the Defendants' failure to pay overtime, specifically, the Defendants' failure to compensate employees for breaks. The Plaintiffs further

allege that when employees inquired as to why they were not paid overtime, the Defendants explained that they did not pay employees for breaks and reprimanded those employees who complained about not being paid for overtime hours.

The Plaintiffs claim that the Defendants did not compensate them for the total overtime worked during the relevant time period, asserting individual and putative class claims against the Defendants for violations of the FLSA overtime requirement and for fraudulent misrepresentation, alleging that the Defendants fraudulently misrepresented to the Plaintiffs that they were not owed overtime or minimum wage.

On December 17, 2018 the Defendants, Boss Wings Enterprises and Boss Wings V, XI, XXVI, XXVII, and XXX, filed this Motion [26] to dismiss the collective action Complaint [1] under Rule 12(b)(6), arguing that the Plaintiffs cannot plead sufficient factual allegations in support of their FLSA claim as to any entity other than Boss Wings XXV because only Boss Wings XXV employed the Plaintiffs. The Defendants request that the Court dismiss this action with prejudice.

At this preliminary stage in the proceedings, the Plaintiffs have yet to move for conditional certification and discovery has just begun.

*Standard of Review*

In deciding the Defendants' Motion to Dismiss, the Court must read the Complaint in the light most favorable to the Plaintiff and all well-pleaded, material allegations in the Complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 112, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556

U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Id.* at 555, 127 S. Ct. 1955. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn.*, 987 F. 2d 278, 284 (5th Cir. 1993).

> When considering Rule 12(b)(6) motions in FLSA cases, courts should:
>
> [D]istinguish between individual . . . claims and those brought on behalf of a putative class. *Creech v. Holiday CVS, LLC*, No. 11-46-BAJ, 2012 WL 4483384, *3 (M.D. La Sep. 28, 2012) (citation omitted). Prior to certification, collective actions concern individuals who are not presently before the court and may not have communicated with the named plaintiffs' attorneys. Recognizing this, courts that apply Rule 12(b)(6) motions to collective action claims simply require plaintiffs to "give the defendant fair notice of the putative class." This arguably more liberal Rule 12(b)(6) standard allows both the rule and the certification process to play their proper role in the management of collective actions.

*Flores v. Act Event Services, Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. Oct. 21, 2014) (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, *3 (N.D. Ga Feb. 19, 2013). Thus, to survive a motion to dismiss in FLSA cases, the complaint must give the defendant fair notice "that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek." *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009).

*Discussion and Analysis*

In their Motion [26] to Dismiss, the Defendants argue that the Plaintiffs can only plead sufficient factual allegations in support of their FLSA claim against Boss Wings XXV because only Boss Wings XXV employed the Plaintiffs, thus requiring the collective action Complaint against Boss Wings Enterprises, Boss Wings V, XI, XXVI, XXVII, and XXX to be dismissed under Rule 12(b)(6). Under the more liberal Rule 12(b)(6) standard as applied to putative class claims, however, to survive the Defendants' Motion [26] to dismiss the Plaintiffs need only give Boss Wings Enterprises, Boss Wings V, XI, XXVI, XXVII, and XXX fair notice of the putative class, the claims, and the grounds on which the claims rests. Indeed, Rule 8(a) does not require an FLSA complaint to be "replete with detailed factual allegations" so long as it provides the defendant with fair notice. *Hoffman*, 2009 WL 4825224 at *3.

In their Complaint [1], the Plaintiffs assert individual and putative class claims alleging that they were nonexempt employees, regularly worked more than forty hours per workweek, and that they were not paid proper overtime hours pursuant to the FLSA. The Plaintiffs also identify the class of similarly situated employees as all nonexempt hourly employees employed by the Defendants in the last three years, who are hourly employees, and who the Defendants failed to pay for breaks. *See Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, *3 (S.D. Tex. Jun. 9, 2009) (finding similar allegations sufficient to survive a motion to dismiss under Rule 12(b)(6)).

Under the FLSA motion to dismiss standard, the Plaintiffs need only provide the defendants fair notice of the putative class and the claims alleged. *Dyer v. Lara's Trucks, Inc.*, No. 1:12-cv-1785-TWT, 2013 WL 609307, *3 (N.D. Ga Feb. 19, 2013). The Plaintiffs' allegations within their Complaint satisfy both requirements. *See Flores*, 55 F. Supp. 3d at 934; *see also Dyer*, 2013 WL 609307 at *3 (N.D. Ga Feb. 19, 2013). Not only do the allegations contained in the

Complaint give the Defendant fair notice of the putative class, these "allegations give [the Defendants] notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek." *Hoffman*, 2009 WL 4825224 at *3.

At this pleading stage the Court is unable to conclude as a matter of law that the Plaintiffs have failed to state a claim on which they could recover against these Defendants, as the Plaintiffs have met their burden under the applicable motion to dismiss standard. *Qureshi*, 2009 WL 1631798 at 3; *Hoffman*, 2009 WL 4825224 at *3. Accordingly, the Defendants' Motion [26] to Dismiss is denied.

*Conclusion*

For all of the reasons discussed above, the Defendants' Motion [26] to dismiss is DENIED without prejudice.

SO ORDERED this, the 5th day of june, 2019.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE